**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA LESLIE CHANEY,<br><br>Plaintiff<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of<br>Social Security Administration,<br><br>Defendant | Case No.: 3:26-cv-00712-CSD<br><br>**Order Concerning Review of Social Security Cases** |

## I. Filing of the Administrative Record

Defendant shall electronically file the administrative record, under seal, through CM/ECF within **7 days** of the filing of the answer. The record shall be filed in a searchable PDF format with each exhibit linked separately and Optical Character Recognition performed. Defendant need not file a paper copy or a compact disc containing the administrative record with the court.

## II. Motion to Remand on the Basis of New Medical Evidence

In the event Plaintiff intends to request a remand on the basis of new medical evidence, Plaintiff shall file such motion within **60 days** of the filing of the administrative record, with a copy of the new medical evidence included as an exhibit to the motion.

Defendant has **30 days** from the service of such motion to file a notice of voluntary remand or points and authorities in response to Plaintiff's motion.

Plaintiff may file a reply within **20 days** of service of Defendant's response.

## III. Motion to Remand on any Other Basis

### A. Plaintiff's Motion for Reversal and/or Remand

Plaintiff shall file a motion for reversal and/or remand on any other basis within **60 days** of the filing of the administrative record. Such motion shall include:

(1) A specification of each and every condition or ailment, or combination thereof, that allegedly renders Plaintiff disabled.

(2) A complete summary of all **relevant** medical evidence in the record that supports Plaintiff's claim of disability due to each condition or ailment specified in subparagraph 1 above, with precise references to the applicable portions of the administrative record. Alternatively, Plaintiff may stipulate that the Administrative Law Judge (ALJ) fairly and accurately summarized the medical evidence contained in the record.

(3) A complete summary of all other evidence adduced at the administrative hearing that supports Plaintiff's claim of disability due to each condition or ailment specified in subparagraph 1 above, with precise references to the applicable portions of the administrative record. Alternatively, Plaintiff may stipulate that the ALJ fairly and accurately summarized the other evidence adduced at the administrative hearing.

(4) With respect to each condition or ailment specified in subparagraph 1 above, a complete but concise statement as to why the administrative record does not contain substantial evidence to support Defendant's conclusion that Plaintiff is not disabled.

### B. Defendant's Response/Cross-Motion to Affirm

If Defendant has not filed a notice of voluntary remand, Defendant shall file a response/cross-motion to affirm within **30 days** of being served with Plaintiff's motion for reversal and/or remand. The response/cross-motion shall include:

(1) With respect to each disabling condition or ailment specified by Plaintiff, a complete summary of all **relevant** medical evidence in the record that Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not disabled. Alternatively, Defendant may stipulate that the ALJ fairly and accurately summarized the medical evidence contained in the record.

(2) With respect to each disabling condition or ailment specified by Plaintiff, a complete summary of all other evidence adduced at the administrative hearing, as well as the ALJ's findings, if any, concerning the claimant's subjective symptom testimony, which Defendant contends constitute substantial evidence to support the administrative determination that Plaintiff is not disabled. Alternatively, Defendant may stipulate that the ALJ fairly and accurately summarized the testimony adduced at the administrative hearing.

(3) A statement as to whether there are any inaccuracies in the summaries filed by Plaintiff, and what additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

(4) The lay definitions of all medical terms contained in the record that are necessary to determining whether Defendant's decision is supported by substantial evidence.

**C. Plaintiff's Reply/Response to Defendant's Cross-Motion to Affirm**

Plaintiff shall be deemed to have acceded to the accuracy of the summaries and medical definitions supplied by Defendant, unless within **20 days** after being served with Defendant's response/cross-motion to affirm, Plaintiff files a document setting forth:

(1) In what manner the summaries are inaccurate;

(2) What additions or corrections are required (with appropriate references to the record) to make the summaries accurate; and/or

(3) Any definitions of the medical terms Plaintiff contends are more accurate than those supplied by Defendant.

**D. Additional Matters**

(1) The motion to reverse and/or remand and response/cross-motion to affirm shall also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

(2) Oral argument is deemed waived and the case shall stand submitted unless argument is requested pursuant to Local Rule 78-1 by one of the parties within **10 days** following the filing of the last document required by the court or argument is ordered by the court.

**IT IS SO ORDERED**.

Dated: September 21, 2026

Craig S. Denney
United States Magistrate Judge